Lee Lawson, Pro Se'
P.O. Box 493
Willow, AK 99688
Ph#: 907-606-0018
leelawson@gci.net

RECEIVED
AUG 14 2026
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| **LEE LAWSON,** | ) |
| **Plaintiff,** | ) **COMPLAINT** |
| **vs.** | ) **and** |
| **MATANUSKA-SUSITNA BOROUGH,** and | ) **JURY DEMAND** |
| **CHAR AVRIL,** In her Official and Individual capacity | ) **Case #:** 3:26-cv-00297-SLG |
| and | ) |
| **RUSSEL JOYCE,** In his Official and Individual capacity | ) |
| and | ) |
| **JESSICA FRANK,** in her Official and Individual capacity | ) |
| and | ) |
| **ULI JOHNSON,** Official and Individual capacity | ) |
| And | ) |
| **DOES 1-10** | ) |
| **Defendants** | ) |

## COMPLAINT

Plaintiff Lee Lawson, for his complaint against Defendants MatSu Borough, Char Avril, Russel Joyce, Jessica Frank, Uli Johnson, and Defendant Does 1 thru 20, states as follows:

## INTRODUCTION

1.) This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth, Sixth, Seventh, Ninth, and 14th Amendments to the United States Constitution, and under the laws of the State of Alaska, against the above mentioned Defendants, in their individual and official capacities and against the Matanuska-Susitna Borough.

## JURISDICTION AND VENUE

2.) This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Alaska state law pursuant to 28 U.S.C. § 1367.

3.) Venue lies in the United States District Court for the District of Alaska because the events or omissions giving rise to Plaintiff's claims occurred and still occurring in Willow, Alaska and Palmer Alaska. 28 U.S.C. § 1391(b)(2).

## PARTIES

4.) Plaintiff Lee Lawson is an adult senior citizen and a resident of the town of Willow, Alaska. He is a 71 year old retired I.T. Engineer and Willow, Ak. property owner.

5.) Defendant Char Avril is an appraiser with the MatSu Borough when the relevant events occurred. She is sued in her individual and official capacities.

6.) Defendant Russel Joyce is an employee with the MatSu Borough when the relevant events occurred. He is sued in his individual and official capacities.

7.) Defendant Jessica Frank is an employee with the MatSu Borough when the relevant events occurred. She is sued in his individual and official capacities.

8.) Defendant Uli Johnson is an employee with the MatSu Borough when the relevant events occurred. She is sued in her individual and official capacities.

9.) Defendants Does 1 thru 10 are unknown employees with the MatSu Borough.

10.) Defendant MatSu Borough is a regional government entity and is located in South-Central Alaska. It is the government employer of Defendants Char Avril, Russel Joyce, Jessica Frank, Uli Johnson, and Does 1 thru 20.

**BACKGROUND**

11.) Plaintiff Lee Lawson states that on July 19, 2024, he went to the MATANUSKA-SUSITNA Borough office in Palmer, AK. to discuss his property taxes with a gentleman by the name of Cory. He gives Mr. Lawson a business card for a Char Avril. He said she is the appraiser on his account but she is out till next week. Cory said he would pass Mr. Lawson's contact info to Ms. Avril when she gets back into the office.

12.) On July 24, 2024 , Defendant Char Avril showed up at the Plaintiff's home un-announced and without a warrant. She falsely tells the Plaintiff's daughter that she had an appointment with the Plaintiff do a walk-through of his home. The Plaintiff was not at home at the time. Ms. Avril entered the Plaintiff's home unlawfully and without the Plaintiff's invitation or permission and took pictures of his private possessions as well as surveyed the Plaintiff's home internally and externally.

13.) On July 25, 2024, the Plaintiff calls Ms. Avril and leaves a message on her voicemail to contact him.

14.) On July 26, 2024, Defendant Avril calls. She tells the Plaintiff about Ariel (the Plaintiff's Daughter) saying she was the Plaintiff's wife and saying she never said to Ariel that the Plaintiff made an appointment with her. She Lied. The Plaintiff agrees to meet in her office at 2:00pm that day.

15.) The Plaintiff meets with Ms. Avril and her supervisor. He asks them to explain how his Willow Property value can go up $120,000 in 2 ½ years. He informed them that he paid $150,000 for the Willow property in Dec. of 2021 and one month later the MATSU Borough put a value of $227,700.00 which is $77,700 more than what the Plaintiff paid for it. The Plaintiff was informed that he could file an appeal but their assessment would stand.

16.) On February 28, 2025 the Plaintiff files an appeal with the MatSu Borough.

17.) An appeals hearing was held. The Plaintiff appeared by phone while the Defendants appeared in person. The Findings and Facts in their final order is false and Vague. The whole proceedings was a farce, a kangaroo court.

18.) On April 14, 2025 the Plaintiff receives a generic order denying his appeal. It was signed by Russel Joyce declaring it to be **FACT**. Jessica Frank and Uli Johnson were on the appeals panel too. The generic order came with instructions on filing another appeal with their government entity. It's a waste of the Plaintiff's time.

19.) The Borough's Order stated a generic "FACTS AND FINDINGS" and in their "CONCLUSIONS OF LAW" that states no laws that the Plaintiff could rely on let alone research. FACT: Their Facts were falsely stated to justify their order.

20.) Mr. Lawson would state that he has never signed a contract with the MATSU Borough to pay them rent money just for living on land that he paid for. The Plaintiff has a right to live on, to own, to manage, or even sale his property. This right is protected from government over-reach by the U.S. Constitution. He has a right to his privacy on his land which is protected by the U.S. Constitution.

21.) Every person at that appeal hearing works for Matanuska-Susitina Borough except the Plaintiff, Mr. Lawson. How can the Plaintiff expect to get a fair hearing with all the cards stacked against him and in their favor. Everyone but Mr. Lawson was being **paid** by MatSu Borough for being there. This is an infringement of the Plaintiff's Due Process rights to a fair and impartial hearing.

22.) During the hearing the Plaintiff testified that he receives NO services from the MATSU Borough or any other government entity. No paved road, no sewer hookup, not even mail delivery. The Plaintiff receives NO services that would warrant a $4,000.00 a year property tax bill on his 1 acre property from them. This was not addressed or considered during the APPEALS HEARING.

23.) The Plaintiff (as stated) is a 71 year old Senior Citizen who would like to pass his worldly goods off to his daughter when the time comes. The MATSU Borough charges are extreme and increases significantly each year. Again, the Plaintiff receives nothing from the MATSU Borough. If the Plaintiff's children can't afford to keep up payments to the MATSU Borough then the Borough would seize the land and sell it. By Black's Law Dictionary this is coercion by definition.

**COUNT I**

## U.S. Constitution Amendment IV.

The right of the people ***to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated***

24.) Ms. Char Avril, an employee of MATSU Borough, conjured a plan to enter the Plaintiff's home to unlawfully survey and take pictures of his home and possessions. She did so without the Plaintiff's permission or invitation and without a warrant. The Plaintiff wasn't even home. She did so to place a higher value on the Plaintiff's property and to justify her job with the MATSU BOROUGH.

**COUNT II**

## U.S. Constitution Amendment V.

, *nor be deprived of life, liberty, or property, without due process of law;*

The 14th Amendment also states:

*no state shall "deprive any person of life, liberty, or property, without due process of law."*

25.) The Defendants are depriving the Plaintiff of his property rights by assuming they either have an interest in the Plaintiff's property or there is a signed agreement between them that results in a contract that allows the MATSU Borough to receive payment for whatever the Plaintiff owns. There is none.

26.) As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth, and Fourteenth Amendments to the United Sates Constitution to be free from an unreasonable search of his personal property and home.

27.) The actions of Defendants violated the clearly established federal constitutional rights of Plaintiff's Due Process for a fair and impartial hearing acting under the color of law:

a. The MatSu Borough hearing consisting of Char Arvil, Russel Joyce, Jessica Frank, and Uli Johnson presented false evidence that the Plaintiff had made improvements to his personal, private property which would increase the value of the property and in doing so would increase their revenue. No such improvements were made to his property from 2021 till the present. The Plaintiff would also state "It's none of their Business" if he had made improvements.

28.) The Plaintiff has a right to contract or not to contract as he sees fit under Article 1, section 10 of the U.S. Constitution. No contract has ever been made between the Plaintiff and the Defendants that states he would pay MatSu Borough a percentage of the value of his property. Any law that states so is repugnant to the U.S. Constitution and shall be treated as so by the Plaintiff. (see Marbury vs. Madison)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants Char Arvil, Russel Joyce, Does 1 thru 20 conduct unconstitutional;

C. Award Plaintiff punitive damages against Defendants in the amount of $150,000.00;

D. Award Plaintiff's current and future losses caused by this case plus any reasonable attorneys' fees in the future for this case and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendant MATSU BOROUGH to adopt appropriate policies related to the hiring and supervision of its EMPLOYEES; and

F. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted:

Lee Lawson, Pro Se

Lee Lawson, Pro Se
P.O. Box 493
Willow, AK 99688
Ph#: 907-606-0018
leelawson@gci.net