**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| LEE LAWSON,<br><br>Plaintiff,<br>v.<br><br>MATANUSKA-SUSITNA BOROUGH, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00297-SLG |

**ORDER ON PLAINTIFF'S PENDING MOTIONS**

Pending before the Court are four motions filed by self-represented litigant Lee Lawson (Plaintiff).[1] On August 14, 2026, Plaintiff filed a civil complaint (Complaint), civil cover sheet, and an Application to Waive the Filing Fee (Application).[2] On October 2, 2026, Plaintiff filed a motion to send and receive filings by email and a motion requesting the Court rule on his pending Application.[3] On October 26, 2026, Plaintiff filed a motion requesting the Court expedite its ruling on his Application and whether he can proceed with his jury trial request within 14 days, citing his age and health issues.[4]

For the reasons set forth below, the motions are resolved as follows.

[1] Dockets 1-4.

[2] Dockets 1-3.

[3] Dockets 5-6.

[4] Docket 7.

## I. Plaintiff's motions to expedite at Dockets 6-7

The filing of "emergency motions" is disfavored and is properly confined to only limited circumstances.[5] The Court acts to resolve all pending cases in the most efficient manner possible. A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[6] Accordingly, the Court cannot issue orders and rulings on the best timeline for each litigant.

Plaintiff has already filed a motion for expedited consideration on his Application. Once a motion has been filed, a party must wait for a ruling. A party must not file a motion if he has another motion on the same subject matter already pending before the Court, and a party must refrain from unnecessarily increasing the number of filings by requesting a ruling on a motion that is already pending.

Further, as explained in the Standing Order, cases are typically screened in the order in which they are received by the Court.[7] Plaintiff's apparent concern that it may take ten years to present his claims to a jury[8] is insufficient to establish that

---

[5] *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).

[6] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam).

[7] Docket 4 at 1. The Court is currently screening cases that were filed in May and June 2026.

[8] *See* Docket 7 at 1 (stating he is 71 years old and may not be physically able to proceed on his claims when he is 81 years old).

expedited screening is warranted in this case.[9] The Court will screen Plaintiff's Complaint in due course consistent with its statutory and inherent authority.

To the extent Plaintiff seeks to expedite a jury trial, that request must also be denied. If a complaint passes initial screening, the case proceeds through several distinct procedural stages of litigation. Not every case that survives screening proceeds to trial, and the Court cannot determine at this stage whether any claim ultimately will require resolution by a jury, much less whether any of Plaintiff's claims may proceed past screening.

For the reasons explained above, Plaintiff's motion at **Docket 7 is DENIED**. Because the Court now rules on Plaintiff's Application, his motion at **Docket 6 is GRANTED.** But the Court cautions Plaintiff against requesting expedited consideration or labeling motions as "emergency motions" absent good cause and reminds Plaintiff that any future filings must comply with the orders of the Court and the applicable rules of civil procedure.

## II. Plaintiff's motion to file without paying the filing fee

Plaintiff's Application reports monthly income of $1,400, $350 in cash or bank accounts, no dependents, and a monthly telephone expense of $81.[10] Plaintiff also submitted a Social Security benefit letter reflecting a regular monthly retirement payment of $1,422, after medical-insurance deductions, beginning in

---

[9] *See* Local Civil Rules 5.1(f)(2) and 7.1(e).

[10] Docket 3.

April 2026.[11]

Receipt of Social Security disability insurance (SSDI) or retirement benefits, standing alone, does not automatically establish a plaintiff's ability to proceed without paying the filing fee. Instead, federal courts must consider Social Security income, household income, expenses, and hardship when evaluating financial eligibility.[12] However, having reviewed the Application and supporting documentation, the Court finds that Plaintiff has demonstrated insufficient financial resources to pay the filing fee.

### III. Plaintiff's motion to send and receive filings by email

Upon completion and submission to the Court of the attached Consent to Procedure for Electronic Filing document, Plaintiff may receive notices of electronic filings at leelawson@gci.net and may email documents to the Court for filing to newcvcases@akd.uscourts.gov. All documents emailed to the Court must be attached to the email in PDF format and **must not exceed 35 pages, including attachments,** unless the Court permits a longer filing for good cause shown. Each document must be in accordance with the Federal Rules of Civil Procedure, the Alaska Local Civil Rules, and the Court's "Electronic Filing Procedures Guide" available on the Court's website.[13] Documents that do not conform to these requirements may not be docketed.

---

[11] Docket 7-1.

[12] 28 U.S.C. § 1915(a)(1).

[13] U.S. District Court for the District of Alaska, Electronic Case Filing Guide,

When a filing is docketed, Plaintiff will receive a Notice of Electronic Filing (NEF) from the Court that will indicate when that document was filed and the docket number of the document in the electronic case file for the case. Self-represented litigants are not required to conventionally serve a copy of their filings on a party who is represented by counsel and already receiving electronic service. In those instances, a NEF generated by the CM/ECF system will constitute sufficient service.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to proceed without paying the filing fee at **Docket 3 is GRANTED.**

2. Upon completion and submission to the Court of the attached Consent to Procedure for Electronic Filing document, Plaintiff's motion for electronic filing at **Docket 5 is GRANTED. Plaintiff will receive notices of electronic filings in this case at leelawson@gci.net.**

3. Plaintiff may email documents to the Court for filing to newcvcases@akd.uscourts.gov. All documents emailed to the Court must be attached to the email in PDF format and must not exceed 25 pages. Documents that do not conform to these requirements or with the Federal Rules of Civil Procedure and the District of Alaska Local Civil Rules will not be docketed.

4. Plaintiff's motion at **Docket 6 is GRANTED.**

---

https://www.akd.uscourts.gov/sites/akd/files/ref_atty_electronicpolicy.pdf.

5. Plaintiff's motion at **Docket 7 is DENIED.** The Court will screen Plaintiff's Complaint in due course.

6. **Until a Screening Order has been issued, Plaintiff is discouraged from filing additional motions or other documents.** The Court cautions that unnecessary filings or attempts to serve other parties without direction from the Court, may result in the summary denial of motions, restrictions on further filings, or delays in the litigation.

7. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[14] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. The Clerk is directed to send the Consent to Procedure for Electronic Filing form to Plaintiff with this order.

DATED this 3rd day of November, 2026, at Anchorage, Alaska.

*<u>/s/ Sharon L. Gleason</u>*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[14] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.